UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| BRIAN DRIAN,<br><br>        Plaintiff,<br><br>  vs.<br><br>JEFFREY LITTLEFIELD, AND DOES 1 TO 10,<br><br>        Defendants. | Case No: C 15-3665 SBA<br><br>**ORDER REMANDING ACTION** |

On July 1, 2015, Plaintiff Brian Drian filed an unlawful detainer action against Defendant Jeffrey Littlefield in the Superior Court of the State of California, County of Contra Costa. On August 11, 2015, Defendant, acting pro se, filed a Notice of Removal along with a request to proceed in forma pauperis ("IFP"). Following removal, the action was initially assigned to Magistrate Judge Donna Ryu ("Magistrate"). On August 25, 2015, the Magistrate referred the matter for reassignment to a district judge and recommended remanding the action to state court. Dkt. 6, 7.[1]

A district court has "a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not." United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 967 (9th Cir. 2004). The federal removal statute permits the removal of cases that might have been filed in federal court originally.

---

[1] Typically, a party has fourteen days to object to a magistrate judge's report and recommendation. See 28 U.S.C. § 636(b)(1). In this case, however, the Court, upon its independent review of the pleadings, finds that the lack subject matter jurisdiction is plain from the face of the complaint. Thus, to avoid further delay in this action and to facilitate the resumption of this case in its proper forum, the Court finds that an immediate remand is appropriate. See 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3).

See 28 U.S.C. § 1441(a).  Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  A district court must remand a case to state court "if at any time before the final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c); Kelton Arms Condominium Owners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("[W]e have held that the district court must remand if it lacks jurisdiction").

In the instant case, no federal claims are presented on the face of Plaintiff's complaint, which is solely for unlawful detainer.  See Wells Fargo Bank v. Lapeen, No. C 11-01932 LB, 2011 WL 2194117, at *3 (N.D. Cal. June 6, 2011) ("an unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law").  Defendant's Notice of Removal alleges that "[f]ederal question [jurisdiction] exists because Defendant's Answer, a pleading[,] depends on the determination of Defendant's rights and Plaintiff's duties under federal law."  Notice of Removal ¶ 10, Dkt. 1.  However, it is well settled that defenses and counterclaims based on federal law cannot provide a sufficient basis to remove an action to federal court.  See Vaden v. Discover Bank, 556 U.S. 49, 60 (2009).  Accordingly,

IT IS HEREBY ORDERED THAT, pursuant to 28 U.S.C. § 1447(c), the instant action is REMANDED to Contra Costa County Superior Court.  Plaintiff's request to proceed IFP is DENIED.  The Clerk shall terminate all pending matters and close the file.

IT IS SO ORDERED.

Dated:  8/25/15

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge